UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 16-148 |
| HENRY FRAZIER JR. | SECTION "R" |

**ORDER AND REASONS**

Before the Court is defendant Henry Frazier, Jr.'s motion for compassionate release,[1] and appointment of counsel.[2] The Government opposes defendant's motion for compassionate release.[3] For the following reasons, the Court denies both of Frazier's motions.

## I. BACKGROUND

On May 31, 2017, Henry Frazier Jr. pleaded guilty to two counts: (1) conspiracy to use a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(o), and (2) conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a).[4]

---

1 R. Doc. 126.
2 R. Doc. 127.
3 R. Doc. 129.
4 R. Docs. 47 & 48.

On April 24, 2019, Frazier was sentenced to a term of 151 months' imprisonment.[5] He has served approximately 62 months of that sentence.[6] Defendant is currently housed at the Talladega Federal Correctional Institution, with a projected release date of May 17, 2026.[7]

On March 3, 2021, defendant moved for the appointment of counsel.[8] That same day, defendant also moved for compassionate release.[9] He represents that he has medical conditions that make him "a high risk candidate" for COVID-19.[10] Defendant also submitted medical records showing that he has been diagnosed with obesity, hypertension, asthma, osteoarthritis of the knee, edema, lower back pain, and various dental problems.[11] The Government opposes defendant's motion for compassionate release, arguing that defendant's claim of extraordinary and compelling circumstances is undermined by his refusal to be vaccinated against COVID-

5 R. Docs. 118, 121.

6 R. Doc. 126 at 2. Defendant's judgment notes that he is entitled to credit for time served since August 26, 2015. R. Doc. 121 at 3.

7 *See* Fed. Bureau of Prisons, *Find an Inmate* (2021), https://www.bop.gov/inmateloc.

8 R. Doc. 127.

9 R. Doc. 126.

10 *Id.* at 5.

11 R. Doc. 126-2.

19,[12] and that the sentencing factors in 18 U.S.C. § 3553(a) weigh against his release.[13]

The Court considers defendant's motions below.

## II. DISCUSSION

### A. Appointment of Counsel

Defendant states that he needs representation from the Federal Public Defender's office to assist him in with his compassionate release motion.[14] The Court denies defendant's request for counsel. Generally, "the right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). In the analogous context of 18 U.S.C. § 3582(c)(2) motions, the Fifth Circuit has held that defendants have no statutory or constitutional right to counsel. *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995).

A Court may appoint counsel in a compassionate release proceeding if it finds that doing so would be "in the interest of justice." *United States v. Delco*, No. 09-57, 2020 WL 4569670, at *2 (E.D. La. Aug. 7, 2020); *see also United States v. Mogan*, No. 14-40, 2020 WL 2558216, at *4 n.29 (E.D. La.

---

12 R. Doc. 129 at 7-8.

13 *Id.* at 10-11.

14 R. Doc. 127.

May 20, 2020). The Fifth Circuit has stated that "the interest of justice [does] not require the appointment of counsel" when the motion does "not involve complicated or unresolved issues." *See United States v. Moore*, 400 F. App'x 851, 852 (5th Cir. 2010) (per curiam) (citing *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008)).

Here, because Frazier's motion for compassionate release does not involve complicated or unresolved issues, the Court finds that the appointment of counsel would not serve the interest of justice. *See United States v. Drayton*, No. 10-20018, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020) ("[A] claim for compassionate release is not particularly complex factually or legally."). Additionally, although defendant represents that he "need[s] help to file a § 3582 motion,"[15] he has already filed his motion for compassionate release, which adequately presents his argument. The Court thus finds no indication that defendant is incapable of adequately pursuing this matter pro se. *See United States v. Joseph*, No. 15-307, 2020 WL 3128845, at *2 (E.D. La. June 12, 2020) (denying a request for appointment of counsel because the defendant's submissions revealed that she was capable of requesting compassionate release without counsel). Accordingly, the Court denies defendant's request for appointment of counsel.

---

15 *Id.*

**B. Compassionate Release**

As a threshold matter, the Court finds that Frazier has satisfied the exhaustion requirement for compassionate release. The statute provides that a district court may grant a defendant's motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after 30 days have passed "from the recipient of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Frazier submits documentation that on September 2, 2020 he submitted a request for compassionate release to the warden, and that on October 21, 2020 his request was denied.[16] He also includes his October 29, 2020 appeal, and the warden's November 18, 2020 denial of defendant's request for reconsideration of compassionate release.[17] Defendant has therefore satisfied the exhaustion requirement under § 3582(c)(1)(A).

Although defendant has shown that he properly exhausted his administrative rights, he has not shown that he meets the other requirements

---

16 R. Doc. 126 at 3; R. Doc. 126-1 at 5.

17 R. Doc. 126-1 at 2, 6.

for compassionate release. Upon a prisoner's motion, a court may, after considering the sentencing factors set out in 18 U.S.C. § 3553(a), grant compassionate release if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) (holding that, in evaluating a motion by an inmate, rather than the BOP, the district court "is bound only by § 3582(c)(1)(A)(i)" and "the sentencing factors in § 3553(a)").

In evaluating defendant's motion, the Court must first "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Here, the Court finds that the § 3553(a) factors do not support defendant's release. Specifically, the Court finds that the "history and characteristics of the defendant," "the need for the sentence imposed . . . to reflect the seriousness of the offense," and "the need to avoid unwarranted sentence disparities among defendants . . . found guilty of similar conduct," militate against early release. *See* 18 U.S.C. § 3553(a).

Frazier's instant offenses arise out of his participation in an armed home invasion, which resulted in one victim being zip-tied and blindfolded, and another victim being shot.[18] Releasing the defendant when he has served

---

[18] R. Doc. 49 at 3-4 (factual basis); R. Doc. 61 ¶ 17 (presentence investigation report).

less than half of his sentence[19] would not reflect the seriousness of his crimes, and would result in unwarranted sentencing disparities among defendants convicted of similar conduct. *See United States v.* Reed, 464 F. Supp. 3d 854, 861-62 (E.D. La. 2020) ("The Court concludes that early release at this time would create sentencing disparities between [the defendant] and other defendants with similar records convicted of similar crimes, which is what § 355(a) attempts to prevent."). Further, defendant has a lengthy criminal history, including several convictions and arrests for armed robbery.[20] For these reasons, the Court finds that granting defendant's motion would not be consistent with the sentencing factors in § 3553(a). *See Shkambi*, 993 F.3d at 393.

Additionally, defendant has failed to demonstrate that there are "extraordinary and compelling reasons" meriting his release. 18 U.S.C. § 3582(c)(1)(A)(i). In support of his motion, Frazier relies on his health conditions, and the risk posed by the COVID-19 pandemic.[21] Defendant's health records show that he suffers from several health condition—obesity, high blood pressure, and asthma[22]—that are risk factors for severe illness

19 R. Doc. 126 at 2.
20 R. Doc. 61 ¶¶ 38-51.
21 R. Doc. 126.
22 *See* R. Doc. 126-2 at 1.

from COVID-19.[23] However, the Court finds that these medical conditions do not make Frazier's case "extraordinary." *See, e.g.*, *United States v. Grant*, No. 16-172, 2021 WL 149308, at *4 (W.D. La. Jan. 15, 2021) ("[W]hile obesity is an underlying medical condition that poses increased risk for severe illness from COVID-19, courts have found that obesity—alone or even paired with other medical conditions—does not provide adequate grounds for compassionate release."); *United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (finding that defendant's hypertension did not make his case "extraordinary," because it was "uncertain that he [was] at a significantly higher risk than . . . the general inmate population," and that "nearly half of the adult population in the United States suffers from hypertension"); *United States v. Strother*, No. 17-79, 2021 WL 2188136, at *5-6 (E.D. Tex. May 27, 2021) ("Due to its prevalence, asthma cannot be deemed 'extraordinary' in order to merit compassionate release.").

---

23 Ctrs. For Disease Control & Prevention, *People with Certain Medical Conditions* (Oct. 14, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Defendant's other cited heath conditions—osteoarthritis of the knee, edema, lower back pain, and dental problems—are not risk factors for severe illness from COVID-19, and are not independently "extraordinary." *Id.*

Moreover, the Court finds that defendant's refusal of the COVID-19 vaccine[24] weighs heavily against his argument that his susceptibility to the virus warrants compassionate release. In fact, "courts across the country have consistently held that an inmate's decision to refuse the COVID-19 vaccine weighs heavily against a finding of extraordinary and compelling circumstances." *United States v. Gibson*, No. 14-86, 2021 WL 3164176, at *2 (E.D. La. July 27, 2021) (collecting cases); *see also United States v. Figueroa*, No. 9-194, 2021 WL 1122590, at *5 (E.D. Cal. Mar. 24, 2021) ("If defendants could buttress their motions for compassionate release by refusing a safe and effective vaccine, they would be operating on an unfairly perverse incentive."). The Court finds that, defendant's refusal to take steps to mitigate his chances of becoming ill from COVID-19 further supports a finding that his case does not present extraordinary and compelling circumstances warranting his release.

---

24 R. Doc. 129-2 at 21, 30 (noting in defendant's health chart that he declined to receive the COVID-19 vaccination).

## C. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for appointment of counsel.[25] The Court further DENIES defendant's motion for compassionate release.[26]

New Orleans, Louisiana, this 25th day of October, 2021.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

25 R. Doc. 127.

26 R. Doc. 126.