UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 16-148 |
| HENRY FRAZIER, JR. | SECTION "R" |

### ORDER AND REASONS

Before the Court is defendant Henry Frazier, Jr.'s motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] The Government opposes the motion.[2] Upon review of the entire record, the Court has determined that this matter can be decided without an evidentiary hearing. For the following reasons, the Court denies Frazier's section 2255 motion and denies a certificate of appealability.

I.  BACKGROUND

On May 31, 2017, Henry Frazier, Jr. pleaded guilty to two counts: (1) conspiracy to use a firearm in furtherance of drug trafficking crimes and crimes of violence, in violation of 18 U.S.C. § 924(o); and (2) conspiracy to

---

[1] R. Doc. 139.
[2] R. Doc. 143.

commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a).[3]  As recounted in the factual basis, the basis for these charges is Frazier's participation "in the home invasion of 3519 Tulane Ave." wherein Frazier and his co-conspirators "committed a robbery of C.L., an individual they suspected of being a drug dealer, and his wife, I.L., in an attempt to obtain money, valuable goods, and illegal drugs."[4]  The factual basis further notes that Frazier and his co-conspirators specifically targeted C.I. because they "wanted to steal 'weed'" and "because there were pounds of marijuana stored [at his residence]."[5]  On April 24, 2019, Frazier was sentenced to 151 months' imprisonment as each count, to be served concurrently.[6]  Frazier did not appeal this sentence within the fourteen-day period permitted by law.  *See* Fed. R. App. P. 4(b)(1)(A).

    Frazier now moves for post-conviction relief under 28 U.S.C. § 2255. In a motion dated February 21, 2022, Frazier asserts that he is entitled to a sentence reduction in light of the U.S. Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).[7]  In response, the Government represents that Frazier's motion is untimely, that his claims have been

---

[3]    R. Docs. 47 & 48.
[4]    R. Doc. 49 at 4 (Factual Basis).
[5]    *Id.* at 3.
[6]    R. Doc. 118.
[7]    R. Doc. 139 at 5.

waived under his plea agreement, and that his sentence would not be impacted by the Court's decision in *Davis*.[8] The Court considers the parties' arguments below.

## II. LEGAL STANDARD

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a section 2255 motion: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id*. A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

---

[8] R. Doc. 143 at 2-8.

When a section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the Court must order the Government to file a response or to take other appropriate action. *Id.* The Court may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. Rules Governing Section 2255 Proceedings, Rules 6 & 7.

After reviewing the Government's answer and any supplementary materials submitted by the parties, the Court must determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8. The Court must hold an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). For other "trial" errors, the Court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Id.* at 637-38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* in a section 2255 proceeding). If the Court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 25 U.S.C. § 2255(b).

## III. DISCUSSION

### A. Timeliness

Frazier's motion is untimely under section 2255's one-year limitations period. Section 2255(f) provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;

5

>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Frazier's conviction became final fourteen days after the Court issued its judgment on April 29, 2019,[9] when the time for filing a notice of appeal expired. *See United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000); *see also* Fed. R. App. P. 4(b)(1). Frazier did not move to vacate his sentence until February 21, 2022.[10] Accordingly, over one year had passed between when Frazier's conviction became final and when he filed this section 2255 motion.

Frazier contends that his motion is timely because although he was convicted in 2017, the Supreme Court did not decide *Davis* until June 24,

---

9      R. Doc. 121.
10     R. Doc. 139 at 14.

2019.[11] Under section 2255(f)(3), a petition is considered timely if it is filed within one-year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The Fifth Circuit has held that *Davis* "announced a new rule of constitutional law [that is] retroactively applicable on a first habeas petition." *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019). Accordingly, Frazier had one year to file his section 2255 petition after the June 24, 2019 *Davis* decision. *See Davis*, 139 S. Ct. at 2319. But Frazier's petition is dated February 21, 2022,[12] over one year after *Davis* was decided. Accordingly, Frazier's petition is untimely.

### B. Merits

Even if Frazier's petition were timely, his motion to vacate lacks merit. Frazier pleaded guilty to violating 18 U.S.C. § 924(o), which provides for an enhanced punishment for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." The term "drug

---

[11] *Id.* at 13.
[12] *Id.* at 14.

trafficking crime" is defined in 18 U.S.C. § 924(c)(2) as a "felony punishable under the Controlled Substances Act." 18 U.S.C. § 924(c)(2). Separately, the term "crime of violence" is defined in section 924(c)(3), and "contains both an elements clause and a residual clause." *United States v. Bowens*, 907 F.3d 347, 353 (5th Cir. 2018). The "elements clause," defines a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). And the "residual clause" defines a crime of violence as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

In *Davis*, the Supreme Court held that the definition of "crime of violence" in section 924(c)(3)(B)'s residual clause is unconstitutionally vague. *Davis*, 139 S. Ct. at 2325-36. Notably, *Davis* did not invalidate either the definition of a drug trafficking crime in section 924(c)(2), or a crime of violence defined by the elements clause in section 924(c)(3)(A). *See United States v. Wood*, No. 06-296, 2019 WL 7281930, at *2 (E.D. La. Dec. 27, 2019) (stating that *Davis* "did not cast doubt on the constitutionality of the companion predicate offenses defined in subparts 2 and 3(a)").

8

Frazier's section 924(o) conviction was predicated upon both crimes of violence and the commission of drug trafficking crimes.[13] The predicate for Frazier's section 924(c) crime of violence conviction is conspiracy to commit a Hobbs Act robbery, as is charged in count two of the bill of information.[14] A conspiracy to commit a Hobbs Act robbery is not considered a crime of violence under the elements clause because it does not necessarily require proof that the defendant "used, attempted to use, or threated to use force." *See United States v. Lewis*, 907 F.3d 891, 895 (5th Cir. 2018) (stating that "conspiracy to commit Hobbs Act robbery fails to satisfy the requirements of § 924(c)(3)(A)'s elements clause"). Thus, in light of *Davis*'s invalidation of the residual clause, Frazier's predicate offense of conspiracy to commit a Hobbs Act robbery does not qualify as a crime of violence under section 924(c).[15]

---

[13] *See* R. Doc. 48 at 1 (Plea Agreement); R. Doc. 49 at 2-4 (Factual Basis); R. Doc. 27 (Bill of Information).
[14] R. Doc. 48 at 1-2 (Plea Agreement); R. Doc. 27 (Bill of Information).
[15] In arguing that *Davis* is inapplicable to Frazier's sentence, the Government relies on Fifth Circuit precedent that although a Hobbs Act conspiracy is no longer a valid predicate offense after *Davis*, a substantive Hobbs Act robbery charge remains a valid predicate because it is considered a crime of violence under the elements clause. *See Branham v. McConnell*, No. 20-30655, 2021 WL 5175034, at *1 (5th Cir. Nov. 5, 2021) (noting that the predicates for defendant's section 924(c) convictions are "substantive Hobbs Act robberies, which are crimes of violence under § 924(c)(3)(A) (elements clause)" and that the defendant's "conspiracy conviction was not the basis of his § 924(c)

9

The predicate offense for Frazier's section 924(c) drug trafficking crime is conspiracy to possess with the intent to distribute marijuana.[16] The bill of information states that Frazier "may be prosecuted in a court of the United States . . . [for] conspiracy to possess with intent to distribute marijuana."[17] Because *Davis* is applicable only to convictions predicated on a crime of violence, as defined by the elements clause, it has no impact on Frazier's section 924(o) conviction for possessing a firearm in furtherance of a drug trafficking crime. *See United States v. Chapman*, 851 F.3d 363, 375 (5th Cir. 2017) (holding that defendant's section 924(c) convictions "are not affected by any alleged infirmity in the risk of force definition of [a] crime of violence because the convictions' predicate offenses are not based on his having committed a crime of violence" and instead "are based on his having committed drug trafficking crimes").

Because Frazier's section 924(o) conviction was predicated on both a drug trafficking crime and crime of violence, he is not entitled to relief under *Davis* because his drug-trafficking offense is still a valid predicate for his sentence. Count one of the bill of information charges Frazier with

---

      convictions"). Because Frazier pleaded guilty to conspiracy, not the substantive offense, *Branham* is inapplicable.
[16]   R. Doc. 27 at 1-2 (Bill of Information).
[17]   *Id.*

conspiring to use, carry, and brandish firearms "during and in relation to a drug trafficking crime for which [he] may be prosecuted in a court of the United States, to wit: a conspiracy to possess with intent to distribution marijuana, . . . *and* during and in relation to a crime of violence, to wit: Hobbs Act Robbery."[18]  At Frazier's rearraignment, the Court reviewed the elements of count one, informing Frazier that before he could be found guilty of count one, the Government would first need to prove that "two or more persons, directly or indirectly, reached an agreement to use, carry, or brandish a firearm during and in relation to a drug trafficking crime *or* a crime of violence, as charged in the bill of information."

The record here clearly establishes that the Government has met its burden as to the drug trafficking offense.  Although Frazier was never charged with conspiracy to possession with the intent to distribute marijuana because of his plea agreement with the Government, [19]  Frazier admitted in both his plea agreement and factual basis to using guns in furtherance of this drug trafficking offense.  Specifically, at his rearraignment, Frazier stated that he was pleading guilty to count one of the bill of information because he

---

[18]   R. Doc. 27 at 1-2 (Bill of Information) (emphasis added).
[19]   R. Doc. 48 at 2 (Plea Agreement) ("If the Court accepts this plea agreement, the Government will agree not to charge the defendant with any other drug trafficking crimes . . . .").

was in fact guilty of the crimes charged—conspiracy to use firearms in furtherance of both a drug trafficking crime and crime of violence. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) ("Solemn declarations in open court carry a strong presumption of verity." (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977))). And the factual basis, signed by Frazier, states that he and his co-conspirators "conspired to use, carry, and possess firearms to further this drug trafficking activity *and* crime of violence."[20]

Accordingly, because Frazier's guilty plea rests on a valid drug trafficking predicate, *Davis* does not invalidate his section 924(o) conviction. *See United States v. Hankton*, No. 12-1, 2020 WL 6469978, at *2 (E.D. La. Nov. 3, 2020) (denying a petitioner's motion to vacate based on *Davis* when there was "no question" that the petitioner "pled guilty to using a firearm in furtherance of crimes of violence *and* felony drug trafficking"); *United States v. Ratcliff*, No. 12-51, 2020 WL 6308342, at *2 (E.D. La. Oct. 28, 2020) (holding that *Davis* afforded "no relief" to the petitioner because "the second superseding indictment, factual basis, and plea agreement establish[ed] that [petitioner's] § 942(j) violation was predicated not only on a crime of violence, but also on the commission of a drug trafficking crime"); *see also*

---

[20] R. Doc. 49 at 4 (Factual Basis) (emphasis added).

*United States v. Hare*, 820 F.3d 93, 105-06 (4th Cir. 2016) (upholding a section 924(c) conviction based on both a drug trafficking crime and crime of violence). Frazier's motion to vacate, set aside, or correct his sentence is therefore denied.

### C. Certificate of Appealability

When a district court enters a final order adverse to a petition under 25 U.S.C. § 2255, the court must issue or deny a certificate of appealability. Rules Governing Section 2255 Proceedings, Rule 11(a). A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, Frazier's motion does not satisfy these standards. For the reasons stated in this order, the Court finds that Frazier's arguments do not amount to a substantial showing that his constitutional rights were

13

compromised, nor would they engender debate among reasonable jurists or deserve encouragement to proceed further. Accordingly, the Court will not issue a certificate of appealability.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Frazier's motion to vacate his sentence under 28 U.S.C. § 2255. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this __6th__ day of July, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE